| | |
|---|---|
| DISTRICT COURT, COUNTY OF ADAMS, STATE OF COLORADO<br>1100 Judicial Center Drive, Brighton, CO 80601<br><br>Plaintiff:   RAE ANN RODRIGUEZ<br><br>Defendants:   ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY | DATE FILED: July 10, 2020 11:27 AM<br>FILING ID: D0E84DA76CC89<br>CASE NUMBER: 2020CV30928 |
| Attorneys for Plaintiff<br>Neil E. Lipson, Attorney No. 9445<br>6860 So. Yosemite Ct., Suite 2000<br>Centennial, CO 80113<br>(303) 937-1255 (office); (303) 937-9094 (facsimile)<br>neillipson@msn.com<br><br>Remington W. Fang, No. 44205<br>The Fang Law Firm, P.C.<br>1515 Wynkoop St., Suite 360<br>Denver, CO 80202<br>(303) 993-4323 (office); (303) 862-8978 (facsimile)<br>remington@fanglawfirm.com | ▲ COURT USE ONLY ▲<br><br>Case Number:<br><br>Division: |

## COMPLAINT

Plaintiff, Rae Ann Rodriguez, by and through her undersigned attorneys, Neil E. Lipson and for her Complaint for damages states and alleges as follows:

### JURISDICTION AND VENUE

1. At all times relevant to this action, Plaintiff resided in the City of Arvada, County of Jefferson, State of Colorado.

2. Defendant Allstate Fire and Casualty Company (hereinafter "Allstate") is an insurance company who is licensed in and regularly does business in the State of Colorado including within Adams County. Defendant's agent for service of process according to the Colorado Secretary of State is The Division of Insurance, 1560 Broadway, Denver, CO 80202.

3. On May 13, 2019 Plaintiff was involved in a motor vehicle collision with Tyrique Edwards in the County of Adams, State of Colorado

4. Venue is proper in the District Court of Adams County, Colorado pursuant to C.R.C.P. 98(c).

5. This Court has personal and subject matter jurisdiction over the parties and this action.

## FACTUAL ALLEGATIONS

6. Plaintiff incorporates by reference the allegations set forth in Paragraphs 1 through 5 of this Complaint as if set forth herein.

7. On May 13, 2019, Plaintiff was injured when her vehicle was struck from behind while she was stopped for traffic at Interstate 270 Westbound at Holly, in the County of Adams, State of Colorado.

8. At some time before May 13, 2019 Plaintiff purchased coverage with Allstate to protect Plaintiff against uninsured motorists in the amount of $100,000.00.

9. At the time of the subject collision, Tyrique Edwards was uninsured within the meaning of the insurance policy with Defendant Allstate.

10. Tyrique Edwards was following too closely and drove in a careless manner and hit Plaintiff's vehicle causing injuries to Plaintiff.

11. Plaintiff was not negligent in the accident.

12. As a result of this collision, Plaintiff sustained injuries that required medical care.

13. Plaintiff incurred medical bills among other economic losses.

14. Plaintiff experienced pain and suffering, loss of enjoyment of life, and inconvenience, as a result of the injuries sustained in the collision.

15. No third party caused, or contributed to the cause of the accident and Plaintiff's injuries, damages and losses.

16. On February 25, 2020 Plaintiff sent a demand for policy limits to Allstate detailing Plaintiff's pain and suffering, loss of enjoyment of life and economic losses.

17. On February 25, 2020 Plaintiff attached medical records and billing in the amount of $39,307.63 and income loss records showing a loss of income of $4,965.02.

18. In response to this settlement demand, Defendant Allstate offered $37,439.27 as their evaluation of Plaintiff's claim.

19. In response to a request for a detailed breakdown of the evaluation, Defendant Allstate's adjuster, Collin Draine, sent a letter on March 11, 2020 with a general breakdown stating that "I considered $33,571.27 in medical expenses, $868.00 in lost wages and $3,000.00 in general damages."

20. On March 1, 2020 Plaintiff sent a letter once again requesting a detailed breakdown of Allstate's evaluation of Plaintiff's claim.

21. In response, Defendant Allstate's adjuster, Collin Draine, sent a letter on March 17, 2020 stating below is a detailed breakdown of my evaluation:

$33,571.27 in medical expenses
$1,866.89 – Ken Caryl Chiropractic
$1,939.15 – Equian LLC
$695 – Carepoint Emergency Med PLLC
$26,431.01 – North Suburban Medical Center
$1,168.22 – Equtain LLC
$1,471 – Total Balance Natural Medicine

I added $3,000 in general damages and another $868 in wage loss.

22. Plaintiff then sent a letter to Defendant Allstate asking specific questions including a request to provide "a detailed explanation and basis for each bill re-pricing, including the name of the person, service and/or company doing the re-pricing." Plaintiff also requested the name and contact information of any repricing service and/or company.

23. Defendant Allstate's adjuster, Collin Draine, sent a letter dated March 31, 2020 in response stating "Mitchell and my experience as an adjuster were the tools used. I do not have a contact." Defendant Allstate further stated "we owe for reasonable and customary charges".

24. Plaintiff sent a letter on April 9, 2020 asking the Defendant Allstate's adjuster, Collin Draine, to "please explain in detail how your experience as an adjuster qualifies you to reprice medical bills."

25. On April 22, 2020 Defendant Allstate's adjuster, Collin Draine, sent a letter stating, in regard to bills, "we owe for reasonable and customary reimbursement. This is the amount I have considered, this is based on procedures and location". Nothing was stated regarding Collin Draine's qualifications to reprice medical bills.

26. On May 12, 2020 Plaintiff sent a letter pointing out that C.R.S. §10-1-135 provides for the introduction of billed amounts only and that there is no language in Plaintiff's UM/UIM policy that allows Defendant Allstate to take reductions for reasonable and customary medical charges. In this letter Plaintiff also requested the repriced amount for each line item in the Northglenn Ambulance Service bill and the North Suburban Medical Center bill, and how

Mitchell Decision Point arrived at these repriced amounts. Plaintiff also asked how Mitchell Decision Point arrived at its repriced amount for the Carepoint Emergency Med bill. Once again, Plaintiff asked Defendant Allstate's adjuster, Collin Draine, to explain in detail how his experience as an adjuster qualifies him to reprice medical bills.

27. In response to Plaintiff's May 28, 2020 letter Defendant Allstate's adjuster, Collin Draine, stated in a May 12, 2020 letter:

This is not my first claim with you so I know this is not your first claim with Allstate so I know you are familiar with our stance on considering what is reasonable and customary. We do not consider collateral sources in the evaluation. Mitchell Decision Point is a tool that suggests reasonable and customary charges . I am not privy to how the program generates their suggestions. As far as my experience as an adjuster and how it qualifies to reprice medical bills, I do not reprice bills. Below is what I considered for each bill.

$695 – Carepoint ER Physicians
$1,939.15 – Equian LLC (AS)
$1,168.22 – Equitain LLC (RA)
$26,431.01 – North Suburban Medical Center
$1,1471 – Total Balance Natural Medicine
$1,866.89 – Ken Caryl Chiropractic

28. An e-mail was sent by Plaintiff in response to the May 12, 2020 letter pointing out that a collection agency is not a collateral source and once again asking for a line by line repricing for reasonable and customary charges on the bills. It was also stated that we are entitled to know how Mitchell Decision Point arrived at their numbers for reasonable and customary charges.

29. In response to this e-mail Defendant Allstate's adjuster sent an e-mail stating "I've answered your questions to the best of my ability. I have forwarded the amount of $43,531.34 which is the most I have evaluated the UM claim for Rae Rodriguez at this time." This evaluation included a re-evaluation of Plaintiff's lost wages claim but no change in the amount for medical bills

30. On May 14, 2020 Plaintiff sent an e-mail stating "How can you have answered my questions to the best of your ability when you have not answered them at all," and once again requesting a line item breakdown of the repricing of each of the bills with an explanation of this repricing.

31. On May 15, 2020 Defendant Allstate's adjuster, Collin Draine, sent an e-mail stating "I will not be providing a line item breakdown".

32. On June 4, 2020, Plaintiff, through her attorney, sent an e-mail to Defendant Allstate's adjuster, Collin Draine, stating:

"Your position that you 'will not be providing a line item breakdown' or other explanation as to how you arrived at your numbers for medical bills and pain and suffering puts me in a difficult position with my client. I cannot explain to her how her claim was evaluated, since I am being provided no information other than this is what it is. How do we determine if your basis was reasonable if you won't tell us your basis. Please provide us a detailed explanation for your evaluation of all damages in Ms. Rodriquez case."

33. On June 4, 2020, in response to the e-mail set forth in paragraph 32 above, Defendant Allstate's adjuster, Collin Draine, sent an e-mail stating:

"I'm sorry that I am not able to provide that, it is not my practice to do so. Other than that, you have all the information to explain to your client what I considered."

### FIRST CLAIM FOR RELIEF
Breach of Contract Against Defendant Allstate

34. Plaintiff incorporates by reference the averments set forth in paragraphs 1-31.

35. Sometime prior to the accident, Plaintiff entered into a contract with Allstate for the purpose of obtaining automobile insurance. This policy included coverage for claims involving uninsured motorists. At all times relevant to this action, all the premiums as required under the contract for insurance were paid to Defendant Allstate.

36. Plaintiff cooperated with Allstate in the presentation of the claim and kept Allstate up to date on the progress of Plaintiff's injuries and losses.

37. Plaintiff is the insured and the beneficiary under Allstate's insurance policy and is therefore entitled to enforce its terms.

38. Plaintiff is entitled to be compensated by Allstate for damages that she has incurred, including pain and suffering, loss of enjoyment of life, impairment, loss of earnings and earning capacity, and pre-judgment interest under the underinsured motorist coverage of her policy.

39. Allstate has failed and refused to pay full benefits owed under the policy and has failed to provide a reasonable and good faith explanation for failing to do so.

### SECOND CLAIM FOR RELIEF
(First Party Statutory Claim under C.R.S. 10-3-1115 and 10-3-1116 against Defendant Allstate)

40. Plaintiff incorporates by reference the averments in paragraphs 1-37.

41. Allstate has denied or delayed payment of uninsured motorist benefits to Plaintiff without a reasonable basis for its action.

42. Allstate's delay and denial of payments of UIM benefits to Plaintiff is in violation of C.R.S. 10-3-1115.

43. Allstate's unreasonable position and conduct has caused Plaintiff damages by the loss of compensation that is due to her and which Allstate should have previously paid to her.

44. In accordance with C.R.S. 10-3-1116, Plaintiff is entitled to recover from Allstate two times the covered uninsured motorist benefits plus reasonable attorney's fees and court costs.

### THIRD CLAIM FOR RELIEF
(Bad Faith Against Defendant Allstate Insurance)

45. Plaintiff incorporates by reference the averments set forth in paragraphs 1-42.

46. Allstate owed Plaintiff a duty to act in good faith in reviewing, adjusting and settling her claims.

47. Allstate breached its duties to its insured, and acted in bad faith, through its conduct as described above and by engaging in the following, among other acts:

   a. Compelling Plaintiff to institute litigation to recover amounts due to her under the uninsured motorist bodily injury benefits afforded Plaintiff under her insurance policy.
   b. Favoring their own interests over those of the Plaintiff, an insured to whom they owe fiduciary and statutory duties.
   c. Failing or delaying payment or reasonable compensation for the injuries, damages, and losses Plaintiff suffered as a result of being hit by an uninsured motorist.
   d. Failing to evaluate Plaintiff's claims competently.

48. Allstate's actions are unreasonable.

49. Allstate knew its conduct was unreasonable or disregarded the fact that its conduct was unreasonable.

50. As a direct result of Allstate's breaches of its duties to Plaintiff, Plaintiff has been damaged by being forced to incur additional costs in litigation, by enduring the emotional trauma of being unnecessarily involved in a lawsuit with her own insurance company, and by being deprived of the use of the benefits owed.

WHEREFORE, Plaintiff prays for judgment against Allstate, in an amount to be determined by the trier of fact for her injuries, harms, damages, and losses as set forth above, special damages and/or penalties, costs, expert witness fees, attorney's fees, costs, including filing fees, pre and post judgment interest and such other and further relief as the Court may deem appropriate, just and proper.

Dated this 10th day of July 2020.

**Attorneys for Plaintiff**

/s Neil E. Lipson
Neil E. Lipson, No. 9445


/s Remington W. Fang
Remington W. Fang, No. 44205


Plaintiff's address:

7343 West 82nd Way
Arvada, Colorado  80003